
## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**PRINCESS J. ANTHONY,**

      **Plaintiff,**

v.                                              Case No. 06-2473-JWL-DJW

**ASSISTED LIFESTYLES OF KANSAS,**
**INC. ET AL.,**

      **Defendants.**

### MEMORANDUM AND ORDER

On July 3, 2007, Magistrate Judge Waxse issued an Order to Show Cause to plaintiff directing her to show cause by July 16, 2007, why this case should not be dismissed with prejudice due to her failure to comply with the court's order directing her to provide the court with a telephone number where she could be reached for a telephone status conference. The time for filing a response to the Order to Show Cause passed with no response from plaintiff. This court, then, provided plaintiff with another opportunity to explain why she failed to comply with Magistrate Judge Waxse's order concerning the telephone status conference and, in addition, why she failed to respond to the show cause order issued by Magistrate Judge Waxse. After the show cause deadline passed without word from plaintiff, the court dismissed plaintiff's complaint, without prejudice to refiling, for failure to prosecute.

Defendants now request that the court render the dismissal of plaintiff's complaint with prejudice as opposed to without prejudice to refiling. Plaintiff has not responded to the motion.

In support of their motion, defendants state that, just prior to the time when plaintiff ceased all communications with defendants and the court, defendants and plaintiff had reached a verbal settlement agreement which included the dismissal of plaintiff's claims with prejudice. Plaintiff, however, never executed the agreement, the release or the joint stipulation of dismissal with prejudice and defendants have been unsuccessful in their attempts to contact plaintiff. Defendants also state that Magistrate Judge Waxse indicated to defendants that if plaintiff failed to comply with his show cause order then dismissal of plaintiff's complaint would be with prejudice.

Defendants' motion is denied. To the extent defendants are asking the court to enforce their verbal settlement agreement with plaintiff, defendants have submitted no affidavits or other competent evidence concerning that agreement. Defendants have submitted an unauthenticated e-mail suggesting that the parties were "work[ing] towards resolving the matter" and seeking an extension of a deadline "just in case the parties are unable to resolve the matter." This e-mail, then, does not suggest that the parties had reached an agreement. The only other document submitted by defendants concerning the agreement is a cover letter written by defendants' counsel to plaintiff indicating the mailing and enclosure of settlement documents and a joint stipulation of dismissal with prejudice. But that letter could just as easily be construed as an offer of settlement and in the absence of evidence that an agreement between the parties was reached, the court cannot "enforce" an agreement to the dismissal of plaintiff's claims with prejudice. Similarly, to the extent defendants suggest that this court should honor the magistrate judge's promise or indication that any dismissal of plaintiff's claims would be with prejudice,

2

defendants have not submitted evidence concerning the nature of their discussions with the magistrate judge and the court has not been privy to those discussions.

Finally, to the extent defendants contend that plaintiff's conduct warrants dismissal with prejudice as a sanction, the court is simply not persuaded. Defendants assert in conclusory fashion that the dismissal of plaintiff's claims with prejudice would result in "little prejudice" to plaintiff, but surely that cannot be the case if plaintiff desires to prosecute her claims at a later date or in a different forum. Defendants also assert that they will suffer a great deal of prejudice if plaintiff's claims are dismissed without prejudice because they could be called upon to defend a subsequent action based on the same allegations made in this case which plaintiff has already agreed to dismiss. This argument, of course, presupposes that an agreement was reached and there is no evidence of that agreement before the court.

In short, the court is not convinced that an application of the *Ehrenhaus* factors warrants dismissal with prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasizing that district court, particularly when the plaintiff appears pro se, must consider whether dismissal without prejudice is an appropriate alternative to dismissal with prejudice so that the plaintiff does not unknowingly lose her right of access to the courts because of a technical violation). The court has no knowledge of the reasons why plaintiff has ceased prosecuting her case and certainly cannot conclude on the minimal record before it that plaintiff has engaged in "willful misconduct" sufficient to justify dismissal with prejudice. *See Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) ("Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather

3

than first, resort" and is appropriate "only in cases of willful misconduct.") (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reconsider and/or to alter or amend the judgment (doc. 39) is denied.

Dated this 1st day of October, 2007, at Kansas City, Kansas.

>s/   John W. Lungstrum
>John W. Lungstrum
>United States District Judge